IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LORI ANN POLLITT and JAMES GEORGE POLLITT, husband and wife, ) ) ) ) | Case No. CV 05-524-S-MHW |
| Plaintiffs, ) ) ) | |
| v. ) ) | **MEMORANDUM DECISION AND ORDER** |
| CSN INTERNATIONAL, a California corporation, CALVARY CHAPEL OF TWIN FALLS, INC., an Idaho corporation, MICHAEL R. KESTLER, and JOHN DOES 1 through 25, ) ) ) ) ) ) | |
| Defendants. ) ) | |

**I.**
**Introduction**

Currently before the Court for its consideration is a Motion to Intervene/Motion for Leave to Appear as *Amicus Curiae* (Docket No. 36) filed August 8, 2006, by Jeff Smith in response to Defendant Kestler's Motion for a Protective Order Re: Sealing Depositions (Docket No. 30). Pursuant to the following Memorandum Decision and Order, Jeff Smith's Motion to Intervene is granted for the limited purpose of opposing Defendant Kestler's Motion for Protective Order, Re: Sealing Depositions; the Motion for Leave to Appear as *Amicus Curiae* is denied.

**Memorandum Decision and Order 1**

## II.
## Background

On December 23, 2005, Plaintiffs Lori Ann Pollitt and James George Pollitt (collectively "Plaintiffs")  filed this action against Defendants CSN International ("CSN"), Calvary Chapel of Twin Falls, Inc. ("Calvary Chapel"), and Michael R. Kestler ("Kestler"), alleging numerous claims including violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Idaho Human Rights Act ("IHRA"), as well as, *inter alia*, fraud, intentional interference with contract, negligence, breach of fiduciary duty, invasion of privacy, trespass, assault and battery, intentional/negligent infliction of emotional distress, unjust enrichment and loss of consortium.

Plaintiffs allege that Defendant Kestler, an officer of CSN and President of Calvary Chapel, sought out a sexual relationship with Mrs. Pollitt and, with CSN's and Calvary Chapel's knowledge and cooperation, lured her from her home in Dallas, Texas to Twin Falls, Idaho on pretense of offering her a job at CSN although there was no real need for her services.  Upon her arrival in Twin Falls, Plaintiffs assert Defendant Kestler made repeated sexual advances towards Mrs. Pollitt that she dismissed.  It is further asserted that Mrs. Pollitt was subject to retaliation by being fired and thereafter Defendant Kestler, by himself or through others acting for or through Calvary Chapel and CSN, stalked Mrs. Pollitt, stole money from her home, tampered with her automobile and vandalized an automobile belonging to her and her husband.

Defendant Kestler filed one Motion to Seal and two Motions for Protective Orders on July 27, 2006.  The Motion to Seal seeks to seal all documents filed in connection with the other two Motions (Docket No. 28). The first Motion for a Protective Order seeks to seal all depositions in this action (Motion for Protective Order, Re: Sealing Depositions, Docket No. 30)

and the second Motion seeks to prohibit discovery of prior bad acts of Defendant Kestler
(Motion for Protective Order, Re: Discovery of Prior Acts, Docket No. 31).

On August 16, 2006, Jeff Smith ("Smith") filed a Motion to Intervene/Motion for Leave
to Appear as *Amicus Curiae* in order to present opposition to Defendant Kestler's Motion for
Protective Order, Re: Sealing Depositions.

### III.
### Jeff Smith's Motion to Intervene/Appear as *Amicus Curiae*

Smith seeks to intervene in a limited capacity to oppose Defendant Kestler's Motion for
Protective Order, Re: Sealing Depositions (Docket No. 30).  Smith and Kestler are currently
involved in two pending actions in the state courts of Idaho and California.  The Idaho litigation,
initiated on January 17, 2006, involves a cross-complaint by Calvary Chapel, through Kestler,
against Smith, individually and as director of Calvary Chapel, and CSN for causes of action
including misrepresentation, conversion, breach of fiduciary duty, unjust enrichment, and
tortious interference with a contract.  (Affidavit of Counsel in Support of Motion to
Intervene/Motion for Leave to Appear as *Amicus Curiae*, "Counsel Affidavit," Docket No. 38,
Ex. A).  The California litigation involves a cross-complaint by Smith, who is the defendant in
that action, filed on July 10, 2006, against Kestler for claims of fraud, constructive fraud,
conspiracy to defraud, misappropriation/conversion of funds, constructive trust, breach of
fiduciary duty, self-dealing and intentional interference with economic relations.  (Counsel Aff.,
Ex B.)

### A.    Motion to Intervene

Smith seeks to intervene under Federal Rule of Civil Procedure 24(b) based on a claimed
interest in access to materials generated through discovery in the case before this Court.  Smith

asserts that materials generated during discovery of the litigation before this Court directly relate to the claims raised in the California and Idaho state actions, particularly the actions of Kestler that may serve as a factual and legal basis to support and/or refute claims brought in these state actions.  Smith further assets that denial of an opportunity to utilize testimony elicited in this litigation may impede or limit the ability to raise defenses or support claims in the state actions as well as allow potential inconsistent testimony to go unchallenged.  Smith also argues that a common question of law or fact exists based on the allegations of corporate misdealings in the state actions that could be supported and/or refuted by discovery from this litigation.

Defendant Kestler first argues that Smith's late attempt to intervene unduly delays the adjudication of his Motion for Protective Order and prejudices him as there is little time to fully respond to Smith's contentions and consideration of Smith's Motion will further delay his Motion and severely hinder the discovery process.

Second, Defendant Kestler argues that Smith does not satisfy Fed .R. Civ. P 24(b) because he fails to identify a common question of law or fact to support his Motion.  Defendant Kestler asserts that the state actions pending have nothing to do with and do not involve the same legal claims or operative set of facts as this case.

Defendant Kestler also submits that Smith will not be prejudiced if he is not permitted to intervene in this Motion as Smith is on the board of directors at CSN, a party defendant to this pending action, and thus should have access to all discovery materials even if they are sealed or their use is restricted.  Defendant Kestler further argues that because Smith should have such access, he would have the opportunity to review the discovery for relevant information and could then seek an order from the Court to use those relevant portions of discovery under seal in the

**Memorandum Decision and Order  4**

state actions.

Defendant Kestler lastly argues that Smith's Motion is merely an attempt to access deposition testimony in order to publicly disclose it and embarrass Defendant Kestler.

Federal Rule of Civil Procedure 24(b) provides for permissive intervention:

> Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or *(2) when an applicant's claim or defense and the main action have a question of law or fact in common*.  When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action.  *In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.* (emphasis added.)

There are three necessary prerequisites for allowing permissive intervention pursuant to Rule 24(b)(2): (1) independent grounds for jurisdiction; (2) motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or fact in common.  *San Jose Mercury News, Inc. v. U.S. District Court-Northern District (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999).  Federal Rules of Civil Procedure are given their plain meaning.  *Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1111(9th Cir. 2002).  Rule 24(b)(2) is clear that if the would-be intervenor's claim or defense contains no question of law or fact that is also asserted in the main action, intervention must be denied.  *Id*.  But if there is a common question of law or fact, then it is within the discretion of the court whether to allow intervention.  *Id*.

Most circuits have allowed permissive intervention by a party who is seeking access to a judicial record in a civil case or is seeking to modify a protective order.  *See San Jose Mercury News*, 187 F.3d at 1100; *Beckman Industries v. Int'l Ins. Co.*, 966 F.2d 470, 474-75 (9th Cir.

1992)  *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783 (1st Cir., 1988); *Martindell v. Int'l Tel. & Tel. Corp.*, 594 F.2d 291, 294 (2nd Cir. 1979); *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3rd Cir. 1994);  *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 163 (6th Cir. 1987); *Griffith v. University Hospital, L.L.C.*, 249 F.3d 658, 661 (7th Cir. 2001); *United Nuclear Corp. v. Cranford Ins. Co.* 905 F.2d 1424, 1427 (10th Cir. 1990)*; EEOC v. Nat'l Children's Center, Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998). The requirement of commonality is relaxed in these instances.  Typically these cases have found that where a third party is seeking permissive intervention solely to gain access to discovery materials that are subject to a protective order, no particular strong nexus of fact or law need exist between the two suits.  *See Beckman Industries,* 966 F.2d at 474; *United Nuclear Corp.*, 905 F.2d at 1427; *Meyer Goldberg*, 823 F.2d at 164; *Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000).[1]

There is also the policy consideration of avoidance of duplicated discovery; allowing Smith to access Kestler's depositions taken in this action could make it unnecessary for Smith to depose Kestler subsequently in the ongoing state litigation.[2]

Although the nexus of common question of law or fact is relaxed when it comes to permissive intervention for the purposes of modifying a protective order, some common

---

[1]  These cases involve situations where a protective order has already been issued, whereas here Smith seeks to intervene not to modify an existing protective order but to prevent a protective order from being issued. Nonetheless, it would seem that permissive intervention would be the appropriate means to make an argument in this situation as well.  Noting that whether to grant such an intervention is still within the Court's discretion.

[2] *See Jochims v. Isuzu Motors, Ltd.*, 148 F.R.D. 624, 631 (S.D. Iowa 1993) ("makes little sense to require each of Petitioners to trod the footsteps left by [Plaintiff's] counsel in the sands of this case's protracted discovery in order merely to obtain duplicative discovery; discovery which could be obtained by modification of the protective order in this case"); *Grove Fresh Distributors v. Everfresh Juice Co.*, 24 F.3d 893, 896 (7th Cir. 1994) ("where a third party wishes to modify a protective order so as to avoid duplicative discovery in collateral litigation, policy considerations favoring the efficient resolution of disputes justify modification unless such an order would tangibly prejudice substantial rights of the party opposing modification.")

**Memorandum Decision and Order  6**

questions of fact do in fact exist between this litigation and the ongoing California litigation (Counsel Aff., Ex. B).  Kestler's alleged sexual advances towards female employees are referenced in Smith's cross-complaint against Kestler for declaratory relief (Counsel Aff., Ex. B, ¶ 27) and for breach of fiduciary duty, which asserts that Kestler's inappropriate behavior exposed CSN to corporate liability and damaged the integrity of CSN and Calvary Chapel (Counsel Aff., Ex. B, ¶ 100).

Considering that there are common issues from this litigation that also relate to the California litigation and that permissive intervention is the proper means for a party to challenge a protective order, allowing Smith to intervene for purposes of opposing Defendant Kestler's Motion seems appropriate, especially in light of avoiding duplicative discovery. There also does not appear to be any delay or prejudice caused by allowing him to intervene.

**B.** **Motion for Leave to Appear as** *Amicus Curiae*

In the alternative, Smith requests leave to appear as *amicus curiae* to file a brief in opposition to Defendant Kestler's Motion for Protective Order, Re: Sealing Depositions.  Smith asserts such leave would be proper as federal courts have deemed such an appearance appropriate when intervention was unwarranted due to lack of a legally protectable interest.

Defendant Kestler argues that Smith's Motion to Appear as *Amicus Curiae* should be denied as Smith has established no basis for such an appearance.  He asserts Smith has not provided any explanation as to why his *amicus* brief would help the Court in its determination of his Motion for Protective Order or provide insight not already offered by parties to the litigation.

Whether to allow a nonparty to submit a brief, as *amicus curiae*, is a matter of judicial grace.  *Voices for Choices v. Illinois Bell Telephone Co.*, 339 F.3d 542, 544 (7th Cir. 2003).

**Memorandum Decision and Order  7**

Generally *amicus* briefs are filed in appellate cases and as such are governed by the Federal Rules of Appellate Procedure which states that such briefs may be filed only by leave of the court or if all parties have consented to its filing.  Fed. R. App. P 29(a).  The criterion for deciding whether to allow the filing of an *amicus* brief include whether the brief will assist the judge by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.  *Voices for Choices*, 339 F.3d at 545.  This criterion is generally met in a case in which a party is inadequately represented, the would-be *amicus* has a direct interest in the case, or the *amicus* has a unique perspective or specific information that can assist the court beyond what the parties can provide.  *Id*.  Additionally, an *amicus* may not raise additional issues or arguments not already raised by the parties, it may only offer assistance in resolving issues before the court. *Cellnet Communications, Inc. v. F.C.C.*, 149 F.3d 429, 443 (6th Cir. 1998).

Although *amicus curiae* submissions generally occur on the appellate level, *amicus* briefs have been accepted by district courts as well.  *See NGV Gaming, Ltd. v. Upstream Point Molate, LLC*, 355 F. Supp. 2d. 1061 (N.D. Cal. 2005); *U.S. v. Davis*, 180 F. Supp. 2d 797 (E.D. La. 2001); *Community Ass'n for Restoration of Environment v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974 (E.D. Wash 1999).  The district court has the ultimate discretion on whether to allow the *amicus* filing and generally follows the same standards as set forth above.  *Community Ass'n for Restoration of Environment*, 54 F. Supp. 2d at 975.

Appearance as *amicus curiae* does not seem the proper avenue for Smith's arguments in this Motion.  First of all, the only unique insight that Smith might add to consideration of Defendant Kestler's Motion would be that a protective order will be burdensome on his other

**Memorandum Decision and Order  8**

litigation.  This hardly seems the "unique" perspective envisioned by the courts in case law.[3]

Also, this argument would seem to be projecting a new issue (the affect on other ongoing

litigation) into the Motion and generally an *amicus* brief is not allowed for that purpose.

### ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS**

**HEREBY ORDERED that:**

1) Smith's Motion to Intervene (Docket No. 36), filed August 16, 2006, is **GRANTED**

for the limited purpose of opposing Defendant Kestler's Motion for Protective Order, Re:

Sealing Depositions (Docket No. 30), but Smith will be bound by any order entered in this case

regarding the sealing of any deposition testimony or other restricted use of information produced

during discovery.

2) Smith's Motion for Leave to Appear as *Amicus Curiae* (Docket No. 36), filed August

16, 2006, is **DENIED.**

DATED: October 25, 2006

_____
Honorable Mikel H. Williams
United States Magistrate Judge

---

[3] *See Voices for Choices*, 339 F.3d at 545 ("it is very rare for an *amicus curiae* brief to do more than repeat in somewhat different language the arguments in the brief of the party whom the *amicus* is supporting.")