IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| LORI ANN POLLITT and JAMES GEORGE POLLITT, husband and wife, | ) ) ) ) | Case No. CV 05-524-S-MHW |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | **MEMORANDUM DECISION** |
| CSN INTERNATIONAL, a California corporation, CALVARY CHAPEL OF TWIN FALLS, INC., an Idaho corporation, MICHAEL R. KESTLER, and JOHN DOES 1 through 25, | ) ) ) ) ) ) | **AND ORDER** |
| Defendants. | ) ) | |

**I.**

**Introduction**

Currently before the Court for its consideration are the following Motions filed by

Defendant Michael Kestler ("Defendant Kestler") on July 27, 2006: (1) Defendant Kestler's

Motion to Seal (Docket No. 28); (2) Defendant Kestler's Motion for Protective Order, Re:

Sealing Depositions (Docket No. 30); and (3) Defendant Kestler's Motion for Protective Order,

Re: Discovery of Prior Acts (Docket No. 31). In accordance with the following Memorandum

Decision and Order, the Court will grant Defendant Kestler's Motion to Seal (Docket No. 28);

grant in part and deny in part Defendant Kestler's Motion for Protective Order, Re: Sealing

Depositions (Docket No. 30); and deny Defendant Kestler's Motion for Protective Order, Re: Discovery of Prior Acts (Docket No. 31.)

## II.
## Background

On December 23, 2005, Plaintiffs Lori Ann Pollitt ("Mrs. Pollitt") and James George Pollitt ("Mr. Pollitt") (collectively "Plaintiffs")  filed this action against Defendants CSN International ("CSN"), Calvary Chapel of Twin Falls, Inc. ("Calvary Chapel"), and Michael R. Kestler, alleging numerous claims including violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Idaho Human Rights Act ("IHRA"), as well as, *inter alia*, fraud, intentional interference with contract, negligence, breach of fiduciary duty, invasion of privacy, trespass, assault and battery, intentional/negligent infliction of emotional distress, unjust enrichment and loss of consortium.

Plaintiffs allege that Defendant Kestler, an officer of CSN and President of Calvary Chapel, sought out a sexual relationship with Mrs. Pollitt and, with CSN's and Calvary Chapel's knowledge and cooperation, lured her from her home in Dallas, Texas to Twin Falls, Idaho on pretense of offering her a job at CSN although there was no need for her services.  Upon her arrival in Twin Falls, Plaintiffs assert Defendant Kestler made repeated sexual advances towards Mrs. Pollitt that she dismissed.  It is further asserted that Mrs. Pollitt was subject to retaliation by being fired and thereafter Defendant Kestler, by himself or through others acting for or through Calvary Chapel and CSN, stalked Mrs. Pollitt, stole money from her home, tampered with her automobile and vandalized an automobile belonging to her and her husband.

Defendant Kestler filed one Motion to Seal and two Motions for Protective Orders on July 27, 2006.  The Motion to Seal seeks to seal all documents filed in connection with the other

two Motions (Docket No. 28). The first Motion for a Protective Order seeks to seal all depositions in this action (Motion for Protective Order, Re: Sealing Depositions, Docket No. 30) and the second Motion seeks to prohibit discovery of prior bad acts of Defendant Kestler (Motion for Protective Order, Re: Discovery of Prior Acts, Docket No. 31).

Defendant Calvary Chapel joined in Defendant Kestler's Motion for Protective Order (Docket No. 32) on August 3, 2006.   Defendant CSN filed a Non-Opposition to Defendant Kestler's Motion for Protective Order (Docket No. 33) on August 10, 2006.

The Court has granted Jeff Smith's Motion to Intervene for purposes of opposing Defendant Kestler's Motion to Seal Depositions and his arguments have been taken into consideration.

### III.
### Motion to Seal

Defendant Kestler filed a Motion to Seal, pursuant to Dist. Idaho Loc. Civ. R. 5.3, seeking to seal his Motion for Protective Order, Re: Sealing Depositions and Motion for Protective Order, Re: Discovery of Prior Acts due to the sensitive nature of the issues that are the subject of these Motions and their supporting materials.  Plaintiffs do not object to Defendant Kestler sealing these Motions and his documents in support thereof.  (*See* Docket No. 28.)

### IV.
### Motion for Protective Order

A.   **Sealing Depositions**

Defendant Kestler seeks to have depositions taken in this case sealed, under Federal Rule of Civil Procedure 26(c), for good cause based on the belief that Plaintiffs and others intend to publicly disseminate the testimony elicited during depositions in order to discredit and harm him,

thus using the depositions for purposes not directly related to this litigation. Defendant Kestler's Affidavit states that he believes this lawsuit is part of a vendetta against him for "blowing the whistle" on CSN's financial mismanagement, and that Chuck Smith, a former CSN board member, is financing this litigation for Plaintiffs. Further, that Chuck Smith and other CSN officials have attempted to publish details of the lawsuit in order to discredit Defendant Kestler (Affidavit of Michael Kestler, "Kestler Affidavit," ¶¶ 5-8). Defendant Kestler asserts the right to be free from embarrassment or oppression arising from the disclosure of private or confidential information. He fears that public disclosure of allegations of inappropriate sexual conduct will do serious harm to his occupation and public standing as well as damage his right to privacy (*See* Kestler Aff., ¶ 10). As well, Defendant Kestler submits that public disclosure of these allegations could severely harm CSN in terms of lost sponsorships and charitable donations.

Plaintiffs assert that Defendant Kestler's affidavit and arguments are conclusory, speculative and without foundation, pointing out that Defendant Kestler only asserts publication has been "attempted," and thus lacks good cause for a protective order. Additionally, Plaintiffs maintain that they are not trying to publicize the case. Defendant Kestler's concerns should be addressed to a director of CSN, a party defendant to the case, who allegedly is trying to publicize the case. Plaintiffs also contend that Defendant Kestler's misconduct has been known in his church and community since 1986, when Janelle Gordon confronted Defendant Kestler and Calvary Chapel regarding improper sexual advances (*See* Affidavit of Grant T. Burgoyne in Response to Kestler's Motion to Seal, for Protective Order, Re: Sealing Depositions and for Protective Order Re: Discovery of Prior Acts("Burgoyne Aff."), Exs. A, B). Despite these

**Memorandum Decision and Order 4**

allegations, Plaintiffs assert, Defendant Kestler's true followers still provide him a ministry, demonstrating no actual harm resulting from allegations of misconduct.

Further, Plaintiffs argue that it is Defendant Kestler himself giving publicity to this case, not the Plaintiffs.  Plaintiffs assert that Defendant Kestler has made comments to the Calvary Chapel congregation and over CSN's satellite radio network about the case and that he had been exonerated of all wrongdoing (a reference to the Idaho Human Rights Commission's "no probable cause" finding) and that Defendant Kestler admitted to this in his deposition.  (*See* Affidavit of Billy Bradford, Affidavit of Tracy Bradford, Affidavit of Jim Burns, and Affidavit of Barbara Burns in Response to Defendant Kestler's Motion to Seal, for Protective Order, Re: Sealing Depositions and for Protective Order Re: Discovery of Prior Acts; and Burgoyne Aff. Ex. D) (these affidavits attest to hearing Defendant Kestler on CSN radio speak of the charges against him and that he was found innocent of such charges.)  Plaintiffs fear that if Defendant Kestler's Motion is granted he will continue to publicize the case without being restrained by fear of contradiction from sworn testimony.  Defendant Kestler replies that this argument is an attempt to confuse the Court as to the real issues that should be weighed in deciding whether a protective order is warranted.

Plaintiffs do request, that if Defendant Kestler's Motion is granted, they be permitted to provide copies of depositions to Chuck Smith who has assisted with finances for Plaintiffs' case and thus has a legitimate interest in the development of the case.  Defendant Kestler responds that there is no legal basis for such a request and Chuck Smith's interest is a purely private matter.

**Memorandum Decision and Order 5**

Federal Rule of Civil Procedure 26(c) provides:

Upon motion by a party or by the person from whom discovery is sought,
accompanied by a certification that the movant has in good faith conferred or
attempted to confer with the other affected parties in an effort to resolve the
dispute without court action, and for good cause shown, the court in which the
action is pending or alternatively, on matters relating to deposition, the court in
the district where the deposition is to be taken may make any order which justice
requires to protect a party or person from annoyance, embarrassment, oppression,
or undue burden or expense, including one of more of the following:

(1) that the disclosure or discovery not be had;
(2) that the disclosure or discovery may be had only on specified terms and
conditions, including a designation of time or place;
(3) that discovery may be had only by a method of discovery other than that
selected by the party seeking discovery;
(4) that certain matters not be inquired into, or that the scope of the disclosure or
discovery be limited to certain matters;
(5) that discovery be conducted with no one present except person designated by
the court;
(6) that a deposition, after being sealed, be opened only by order of the court;
(7) that a trade secret or other confidential research, development, or commercial
information not be revealed or revealed only in a designated way; and
(8) that the parties simultaneously file specified documents or information
enclosed in sealed envelopes to be opened as directed by the court.

If the motion for protective order is denied in whole or in part, the court may, on
such terms and conditions as are just, order that any party or other person provide
or permit discovery.  The provisions of Rule 37(a)(4) apply to award of expenses
incurred in relation to the motion.

In general, the public can gain access to litigation documents and information produced
during discovery unless the party opposing disclosure shows good cause why a protective order
is necessary.  *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir. 2002).  Good
cause generally signifies a sound basis or legitimate need to take judicial action.  *Hobley v.
Burge*, 225 F.R.D. 221, 224 (N.D. Ill. 2004).  For good cause to exist, the party seeking
protection bears the burden of showing specific prejudice or harm will result if no protective
order is granted.  *Phillips*, 307 F.3d at 1210.  There must be a particularized showing of serious

**Memorandum Decision and Order 6**

harm that will result from disclosure of information to the public. *Id*. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test. *Beckman Industries, Inc. v. Int'l Insurance Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Additionally, the harm must be significant, not a mere trifle. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108 (3rd Cir. 1986). If such a showing is found, the district court must balance the public and private interests to decide, in its discretion, whether a protective order is necessary. *Phillips*, 307 F.3d at 1210.

District courts are given broad latitude in granting protective orders. *Id*. at 1211. Courts are most likely to grant protective orders for information listed in Rule 26(c)(7) ("...trade secrets or other confidential research, development or commercial information..."), but they have also granted protective orders to prevent disclosure of many types of information, such as letters protected under attorney-client privilege which revealed weaknesses in a party's position, medical and psychiatric records confidential under state law, federal and grand jury secrecy provisions, and confidential settlement agreements. *Id*. at 1211-13. Other examples of good cause existing to support a protective order include protecting a child's privacy interest in a child abuse case, and avoiding the chilling effect that disclosure of immigration status would have on plaintiffs' ability to effectuate their rights. *See Gottlieb v. County of Orange*, 151 F.R.D. 258 (S.D.N.Y. 1993)*; Rivera v. Nibco, Inc.*, 364 F.3d 1057 (9th Cir. 2004).

Rule 26(c) includes avoidance of embarrassment and oppression among the reasons for issuing a protective order. An applicant for a protective order whose chief concern is embarrassment must demonstrate that the embarrassment is extreme. *Misc. Docket Matter #1 v.*

**Memorandum Decision and Order 7**

*Misc. Docket Matter #2*, 197 F.3d 922, 926 (8th Cir. 1999).[1]  As any release of information not intended by the deponent to be for public use will almost always have some tendency to embarrass, "an applicant for a protective order whose chief concern is embarrassment must demonstrate that the embarrassment will be particularly serious."  *Cipollone*, 785 F.2d at 1121.

Similarly, the right to privacy is another interest that can be considered in the "good cause" analysis.  *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3rd Cir. 1994).  Whether the information is being sought for a legitimate purpose or for an improper purpose should be taken into consideration.  *Id.*  However, privacy interests are diminished when the party seeking protection is a public person subject to legitimate public scrutiny.  *Id.*

Defendant Kestler makes references to his beliefs that his depositions will be used to discredit him and harm his professional reputation.  However, the only fact that Defendant Kestler refers to that supports these beliefs is that Plaintiffs have communicated a desire to inquire into allegations of his past inappropriate sexual conduct.  However, because of the broad scope of discovery sought, there could possibly be some motives for inquiring into these past events that are not litigation-related.

Defendant Kestler's reputation is important to how he makes a living and although these allegations will likely harm his reputation and embarrass him to some degree, his right to privacy argument is lessened given his status as a public person.

As to the matters alleged in the complaint, the Court sees no reason to seal the depositions that cover the topics of Mrs. Pollitt's employment and other events that allegedly

---

[1] In that gender discrimination case, the plaintiffs did not dispute they had circulated to the press a declaration filled with lurid details  of a woman who claimed defendant has harassed her and the court issued a protective order, finding the only reason in circulating the declaration was to harass and embarrass defendant.

**Memorandum Decision and Order 8**

occurred as stated in the complaint and that make up the relevant causes of action. However, because of the broad nature of discovery sought regarding Defendant Kestler's "prior bad acts," the Court will seal the depositions that cover Defendant Kestler's "prior bad acts" at this time, until further order from the court. The Court seeks to balance the need to conduct discovery at this stage in the case with affording Defendant Kestler the avoidance of undue embarrassment from acts that occurred in the past. There is a need to conduct discovery, but as it may not lead to admissible evidence, there is no need to make it available to the public as this time. The Court finds that the scale tips in favor of sealing these depositions as many of these alleged acts occurred many years ago and because of the broad access Plaintiffs seek in asking about these prior acts.

**B.      Discovery of Prior Bad Acts**

Defendant Kestler seeks a protective order under Fed. R. Civ. P. 26(c)(4) to limit the scope of discovery. Defendant Kestler submits that Plaintiffs seek to inquire into his past interactions and relationships with women, some of whom were never employed by CSN, in order to show Defendant Kestler's propensity to act inappropriately towards women. He argues that any past inappropriate conduct with women not employed by CSN is not relevant to Mrs. Pollitt's claims of sexual discrimination, harassment and/or retaliation and would only serve to subject him to embarrassment. Defendant Kestler contends that discovery should be limited to factual matters concerning his dealings with Mrs. Pollitt and her employment with CSN.

Defendant Kestler argues that delving into his past interactions with women not employed by CSN is not "relevant information...reasonably calculated to lead to discovery of admissible evidence," as required under Fed. R. Civ .P. 26(b)(1). Additionally, he argues that

**Memorandum Decision and Order 9**

such information is inadmissible character evidence under Federal Rules of Evidence 404 and not admissible in the context of Mrs. Pollitt's employment discrimination and/or retaliation claims. Defendant Kestler contends that the Court should not allow Plaintiffs to inquire into matters for which there is no useful evidentiary purpose and the only likely purpose is to embarrass or harass him.

Plaintiffs first argue that Defendant Kestler has ignored the scope of their claims in his Motion and point out that their Complaint includes, *inter alia*, causes of actions such as invasion of privacy, trespass, intentional/negligent infliction of emotional distress, assault, battery and tortious stalking. They also argue that in sexual harassment suits, evidence of harassment of women who were not employees has been admitted in cases to demonstrate a general atmosphere of sexual hostility. *See Hernandez Loring v. Universidad Metropolitana*, 190 F. Supp. 2d, 268 (D.P.R. 2002). Defendant Kestler replies that such evidence can only be used where there is a high degree of similarity between the acts. *See United States v. Ramirez-Jiminez*, 967 F.2d 1321 (9th Cir. 1992).

Next, Plaintiffs argue that it is too early in the litigation to determine whether such information regarding Defendant Kestler's "prior acts" is admissible at trial. They also point out that they should be allowed to discover such information should Defendant Kestler choose to use such evidence at trial, at which point Plaintiffs would be at a disadvantage having not been able depose him on the subject. Additionally, Plaintiffs maintain that such information might be admissible under Fed. R. Evid. 404(b) as proving issues of motive or intent. Defendant Kestler contends that the ultimate goal of discovery it to find evidence that is relevant and admissible and the information Plaintiffs seek is neither. Defendant Kestler also submits that Plaintiffs did

**Memorandum Decision and Order 10**

not point out what claims have the necessary elements of motive or intent and that these past acts are either not similar or too remote in time to fall within 404(b).

Lastly, Plaintiffs contend that Defendant Kestler's prior acts are relevant and admissible on Plaintiffs' claims that Calvary Chapel and CSN were negligent in their selection, supervision and retention of Defendant Kestler and to their claim for breach of fiduciary duty and confidential relations.  In response to Defendant Kestler's statement that he has no objection to "legitimate discovery regarding [his] past conduct with his employees" but only to conduct with non-employees,  Plaintiffs urge that this ignores that "sexual predators" often pursue their prey in a variety of venues.

Fed. R. Civ. P. 26(c)(4) allows for a protective order to require that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters. Again, a protective order shall only be given when good cause is shown and it is entirely within the discretion of the court.  *Phillips*, 307 F.3d at 1210.  An order of this kind might be appropriate when discovery might unduly burden the party from whom it is sought, either because a particular matter is of only minor importance or because it has already been thoroughly gone into and further inquiry would be repetitious. WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE, Civil 2d § 2040.

Fed. R. Civ .P. 26(b)(1) governs the appropriate scope of discovery as follows:

Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of nay discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  *Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.*  All discovery is subject to the limitations

> imposed by Rule 26(b)(2)(i),(ii), and (iii).
> (emphasis added.)

This Rule has been construed broadly to include any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case and provides a great deal of latitude for discovery. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350, 98 S.Ct. 2380, 2389, 57 L.Ed.2d 253 (1978); *Harris v. Nelson*, 394 U.S. 286, 297, 89 S.Ct 1082, 1089, 22 L.Ed.2d 281 (1969). The test for relevancy for purposes of discovery is broader than the test for admissibility at trial. *Smith v. Schlesinger*, 513 F.2d 462, 473 (D.C. Cir. 1975). A party may discover information which is not admissible at trial if such information will have some probable effect on the moving party's case. *Id.* The information sought need only be "relevant to the subject matter involved in the pending action." Wright, Miller & Marcus, Federal Practice and Procedure, Civil 2d § 2008. Admissibility at trial is not the limit of discovery and discovery may properly be had of an inadmissible matter as questions of admissibility are best left until trial. *Id.* The opponent of discovery "cannot bootstrap an alleged inadmissibility to show that the information sought is not reasonably calculated to lead to the discovery of admissible evidence...[t] hat is, just because certain information may be inadmissible does not render it undiscoverable." *LaPlante v. Estano*, 228 F.R.D. 115, 117 (D. Conn. 2005).

It is clear that information need not be admissible to be discoverable. It does not matter whether Defendant Kestler's prior acts would be inadmissible so long as they are relevant to the subject matter of the pending litigation. The subject matter of the litigation involves includes, *inter alia*, sex discrimination, negligence (in the hiring and retention of Defendant Kestler as an employee), breach of fiduciary duty, invasion of privacy, trespass, assault, and tortious stalking.

**Memorandum Decision and Order 12**

Information regarding Defendant Kestler's past interactions and relationships with women, including non-employees, appears relevant to the subject matter of this litigation. Defendant Kestler may be correct in his assertion that this information will not be admissible at trial, but that inquiry is for another time. This information is relevant as it bears on the subject matter of the pending litigation and could lead to further discoverable information. Additionally, allowing discovery into these matters would not appear to unduly burden Defendant Kestler.

As there seems there will be no undue burden on Defendant Kestler and the information appears relevant to the subject matter of the litigation, a protective order should not be issued limiting the scope of the discovery. The Court will allow Plaintiffs to inquire into Defendant Kestler's "prior bad acts," but, as stated above, will seal the depositions which encompass that topic.

/

/

/

/

/

/

/

/

/

/

/

**Memorandum Decision and Order 13**

## ORDER

Based on the foregoing, the Court being otherwise fully advised in the premises, **IT IS**

**HEREBY ORDERED that:**

    1)    Defendant Kestler's Motion to Seal (Docket No. 28), filed July 27, 2006, being unopposed by Plaintiffs, is **GRANTED**.

    2)    Defendant Kestler's Motion for Protective Order, Re: Sealing Deposition (Docket No. 30), filed July 27, 2006, is **GRANTED IN PART AND DENIED IN PART**. Depositions relating to matters alleged in the complaint and the causes of actions alleged therein will not be sealed.  Depositions relating to the "prior bad acts" of Defendant Kestler and acts outside what is alleged in the complaint will be sealed at this time.

    3)    Defendant Kestler's Motion for Protective Order, Re: Discovery of Prior Acts (Docket No. 31), filed July 27, 2006, is **DENIED.**

DATED: October 25, 2006

Honorable Mikel H. Williams
United States Magistrate Judge